IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$208,800 UNITED STATES CURRENCY,<br><br>Defendant. | Civil No. 8:23CV343<br><br>**COMPLAINT FOR FORFEITURE *IN REM*** |

The United States of America, for its cause of action against the defendant property, pursuant to Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, states and alleges as follows:

### Nature of the Action

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881.

### The Defendant *in rem*

2. Defendant property is $208,800 United States currency seized by law enforcement from a vehicle operated by Chai Vang during a traffic stop on eastbound Interstate 80 near mile marker 404 on April 4, 2023. The passenger was identified as Sonya Vang, Chai Vang's wife.

3. The U.S. Customs and Border Protection (CBP), currently has custody of the defendant property.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction for an action commenced by the United States pursuant to 28 U.S.C. § 1345, and for an action for forfeiture pursuant to 28 U.S.C.

§ 1355(a). This Court also has jurisdiction over this particular action pursuant to 21 U.S.C. § 881.

5. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

**Basis for the Forfeiture**

7. Defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 2) proceeds traceable to such an exchange, and/or 3) money, negotiable instruments and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

**Facts**

8. On April 4, 2023, Lancaster County Sheriff's Office (LCSO) Officer John Hudec stopped a 2018 Toyota Rav4 going eastbound on Interstate 80, near mile marker 404, Lancaster County, Nebraska, for speeding and obstruction of plate. The driver of the vehicle was identified as Chai Vang, and the passenger was identified his wife, Sonya Vang.

9. Officer Hudec had been tracking the Rav4 since Mile Marker 394 because of heavy road grime on the vehicle and noticing that the vehicle's plates were obstructed. Officer Hudec was unable to clearly read the letters on the plate because of the grime. Officer Hudec

followed the vehicle at eastbound mile marker 397 and observed the vehicle traveling at a higher rate of speed then the posted speed limit of 65 miles per hour. The speed limit changes from 75 mph to 65 mph at mile marker 394 to 395. The vehicle was approximately 6 to 7 miles into the 65 mile an hour zone. Officer Hudec clocked the vehicle at 69-70 mph. Officer Hudec activated his in car video to begin to record the violations of the speeding and the obstructing plate approximately at mile marker 400 eastbound.

10. Officer Hudec identified the plates as from California and was able to locate the vehicle on Carfax. The last seven maintenance services to the vehicle were in areas specifically tied to the marijuana industry. The average vehicle milage is approximately 15,000 miles in a four-month period. The Vangs' vehicle had a history of trips between 5,000 and 8,000 miles in spans of two to three months This travel was extensive and not consistent to the general public on a personal vehicle.

11. A law enforcement database found Chai Vang owned property in Hayfork, California. Hayfork in Trinity County, California which is known to Officer Hudec through his training and experience due to having other narcotic cases that came from that specific area. Officer Hudec entered Vang's address into google and observed an aerial photograph that had over 100-150 plants on an outdoor marijuana grow operation.

12. As Officer Hudec approached the vehicle, he looked through the back cargo area and observed two or three suitcases in the back seating area and a couple bags tied off in the rear cargo area of the vehicle.

13. Officer Hudec made contact with the Vangs, he observed a slight odor of raw marijuana admitting from inside the vehicle. Officer Hudec's body cam malfunctioned and did not record the conversation.

14. Officer Hudec asked Mr. Vang where he was heading, he advised that he was heading to Michigan to visit his son. Vang's drivers license confirmed his Hayfork, California address with a PO box. This is consistent with rural Northern California where PO Boxes are used due to the rugged terrain of the area.

15. Officer Hudec requested that Mr. Vang exit his vehicle. Officer Hudec first conducted a consensual exterior search of Mr. Vang's person and then further questioned Mr. Vang in the cruiser during which time he demonstrated extreme nervousness, evidenced by his rapid breath rate and profuse sweating. Mr. Vang explained again that he and his wife were going to Michigan to visit family. Officer Hudec asked about living in Hayfork, if he was in the rural area or if he was living in town. He advised he was in the rural area. Officer Hudec asked what he did for a living. He advised a handyman. He asked Mr. Vang if he was in the marijuana industry and he advised that he was not. Officer Hudec then asked if he smokes marijuana and he kind of put his hands up and didn't answer the question. Officer Hudec showed Mr. Vang on his cruiser computer the actual aerial photograph of google maps of his address; showing that there is large marijuana grow on his property. Mr. Vang sees the photograph and puts his hands up in the air.

16. Officer Hudec asked if there were any guns in the car, Mr. Vang advised no. He then asked if he has any large amounts of narcotics in the vehicle and he advised he did not. Officer Hudec advised Mr. Vang that he could smell marijuana in the vehicle. Officer

Hudec then asked if he could search the vehicle and he doesn't say yes or no and doesn't know why he would be asking this. Officer Hudec advised that he already smelled marijuana. Mr. Vang was extremely nervous and sweating profusely during this contact.

17. A probable cause search was conducted of the vehicle. In the front seat area of the vehicle, U.S. currency bundles were found inside Mrs. Vang's purse, banded with black leather bands consistent of approximately $3,000.00 to $4,000.00. Inside the second row of the seating area of the vehicle, Officer Hudec located a grey Eastport backpack containing ziplock bags bundled with U.S. currency in the bottom, a black laptop was also located in the bag as well as rubber bands. A silver cross body bag was located near the grey backpack on the floor on the second row seating area. Inside of the zipper crossbody bag bundled U.S. currency was found. A black nylon cinch bag was inside the crossbody bag bearing the same logo as Mrs. Vang's coat. Rubber bands were observed in the center console. A swab kit utilized on the currency road side was found to be positive for THC. The laptop computer keys also tested positive for THC.

18. Officer Hudec read Miranda warnings to Mr. and Mrs. Vang in the back cage of the cruiser. They both waived Miranda and continued talking with Officer Hudec. Mr. Vang advised that the currency inside the vehicle did belong to him and that it was a gift that he was going to give to his son for a wedding and stated that he did not know how much money was there but stated that it was for his son's new life. Officer Hudec asked if he had a money carrier license or if he was registered with FINCEN and he advised he did not have either.

19. Several items of paperwork were located throughout the vehicle and collected roadside. Several money transaction receipts were also found in Mr. Vang's wallet; to include currency transactions, marijuana grow paperwork, and land deeds from Trinity County, California.

20. The currency found in the backpack was transported to Westgate Bank where it was counted, totaling $208,800 in United States currency.

**Claim for Relief**

WHEREFORE the United States of America prays the defendant property be proceeded against for forfeiture in accordance with the laws, regulations and rules of this Court; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that the defendant property be condemned, as forfeited, to the United States of America and disposed of according to law and regulations; that the costs of this action be assessed against the defendant property; and for such other and further relief as this Court may deem just and equitable.

UNITED STATES OF AMERICA,
Plaintiff

SUSAN T. LEHR
Acting United States Attorney

By: s/ Kimberly C. Bunjer
KIMBERLY C. BUNJER, #20962
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Tel: (402) 661-3700
Fax: (402) 345-5724
E-mail: kim.bunjer@usdoj.gov

## VERIFICATION

I, Zachary Wimer hereby verify and declare under penalty of perjury that I am a Special Agent Homeland Security Investigations (HSI) that I have read the foregoing Verified Complaint *in Rem* and know the contents thereof, and that the factual matters contained in paragraphs 8 through 20 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with Homeland Security Investigations (HSI).

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: August 7, 2023.

_____
Zachary Wimer,
Special Agent
Homeland Security Investigations (HSI)